## THE MARGARET SPENCER.

(District Court, S. D. Florida. August 12, 1921.)

No. 1305.

Seamen ⊂⊃21—Acts constituting "desertion."

Libelant shipped as cook for a voyage from Jacksonville, Fla., to Havana and return. At Havana he had a controversy with the master because of claimed delay in delivery of his mail, abused the master, and refused to obey orders, whereupon the master caused his arrest by the harbor police. On his release the vice-consul refused his discharge and ordered him to return to the vessel, which he refused to do. *Held*, that such refusal constituted "desertion" under Rev. St. § 4596, as amended (Comp. St. § 8380) and a consequent forfeiture of wages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Desertion (In Maritime Law).]

In Admiralty. Suit by John H. Barefield against the schooner Margaret Spencer. Decree for respondent.

Frank D. Brennan, of Jacksonville, Fla., for libelant.
W. F. Rogers, of Jacksonville, Fla., for claimant.

CALL, District Judge. John Barefield filed his libel against the schooner Margaret Spencer, claiming wages as cook, expenses, and

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

double pay for certain days because of delay in paying off and value of effects.

Claimant filed an answer denying liability and setting out affirmatively that Barefield deserted the ship in Havana before the termination of the voyage, the return of the ship, deposit of amount of wages in the custom house claimed to be due by claimant, and the conduct of libelant while at anchor in the harbor of Havana.

I find from the testimony the facts as follows: Barefield shipped as cook at Jacksonville, Fla., on the 23d day of December, 1920, upon the schooner Margaret Spencer, at a monthly wage of $150, for a voyage from Jacksonville, Fla., to Havana, Cuba, and return. That on January 28, 1921, while at anchor in the harbor of Havana, a controversy arose between the master and the cook in regard to the delay in receipt of mail by the cook. During the progress of this controversy, the cook cursed and abused the master, and refused to obey the orders of the master to go to his quarters. That the master had the cook arrested by the harbor police and confined in police jail of Havana Friday (28th) night. That Saturday morning the cook was released, and finally discharged from custody on Monday morning. That thereupon both master and cook went to the consul's office and made their statement of the matter; the cook demanding to be discharged and paid off. This demand was refused by the vice consul and he was ordered back to the vessel, and upon expressing a fear to do so, a letter was given him to the master to the effect that he was still a member of the crew. That from the time of the arrest by the harbor police the cook did not go aboard of said vessel, nor did he deliver the letter to the captain, but remained in Havana until after the vessel had sailed, and returned as a passenger, arriving after the arrival of the vessel. That on the official logbook of the vessel Barefield was marked as a deserter from January 31, 1921.

The decision of this case hinges on the question whether the libelant deserted the ship in Havana.

To constitute "desertion" in the sense of the word used in section 4596, R. S., as amended (Comp. St. § 8380), the seaman must quit the ship and her service, not only without leave, but without justifiable cause, and with intent not again to return to duty on the vessel. The Mary C. Conery (D. C.) 9 Fed. 222. Apply this rule to the facts of the instant case. The excuse given by the libelant for not going aboard when released from the police jail in Havana appears to me puerile. It is in effect that he could not get there; no money; no boat. Had he desired to go aboard, there were many ways for him to have done so, and this is the only reason for his not doing so, given in his pleadings and testimony. I can reach but one conclusion from the consideration of the evidence, and that is that libelant had fully made up his mind, whether from the fact of the unsatisfactory delivery of his mail, his arrest at the behest of the master, or some other reason not apparent, to be discharged in Havana and paid off there, which would have probably carried with it passage money to the point of the beginning of the voyage. Did he have justifiable cause for such action? I can find

none in the record before me. Even though the master did unreasonably delay the delivery of his mail, and this seems to have been the burden of his complaint, such delay would not justify or excuse insubordination, abusing and cursing the master, refusing to obey lawful commands, and refusal to return to duty upon being discharged from arrest.

After a full consideration of all the evidence, I can reach no other conclusion than that the libelant deserted the vessel in Havana Harbor and under section 4596, R. S., as amended, is liable to forfeit all or a part of the wages earned by him at the time of such desertion. His effects having been delivered to his wife and a part of the wages then due having been deposited with the customs authorities, and the vessel having already paid out a large amount in costs, it seems to me that the proper decree in this case would be one of dismissal of the libel, without prejudice to the libelant receiving the amount deposited with the customs authorities.

It will be so decreed.